**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2324**

KHEEM BAHADUR KARKI CHHETRI,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  November 24, 2009      Decided:  December 29, 2009

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Visuvanathan Rudrakumaran, LAW OFFICES OF VISUVANATHAN RUDRAKUMARAN, New York, New York, for Petitioner.  Tony West, Assistant Attorney General, William C. Peachey, Assistant Director, Ada E. Bosque, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kheem Bahadur Karki Chhetri, a native and citizen of Nepal, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Chhetri challenges the finding that he failed to show that either his political opinion or his membership in a particular social group was "at least one central reason" for the persecution he allegedly faced in Nepal. The Immigration and Nationality Act authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006) (emphasis added).

Following the passage of the REAL ID Act, asylum applicants such as Chhetri who filed their applications after May 11, 2005, must establish that the protected ground asserted "was or will be at least one central reason for persecuting the applicant." REAL ID Act, § 101(a)(3), codified at 8 U.S.C.

2

§ 1158(b)(1)(B)(i) (2006). Based on our review of the record, we find although Chhetri has clearly suffered persecution at the hands of the Maoists, substantial evidence supports the Board's finding that Chhetri failed to establish that the Maoists targeted him on account of a protected ground, and that they instead wished to recruit him to their cause. See INS v. Elias-Zacarias, 502 U.S. 478, 481-83 (1992). We also note that at the time, country conditions were changing for the better in Nepal, as the Maoists and the central government were negotiating a peace agreement. We therefore uphold the denial of asylum relief.

Additionally, we uphold the denial of Chhetri's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

Finally, we find that substantial evidence supports the finding that Chhetri failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2009). For persecution

3

to qualify as torture, it must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2009). Because, at the time, the Maoists were not part of the government of Nepal, and the government did not acquiesce in the Maoists' persecution of Chhetri, we find that Chhetri failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4